UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BILLY THOMAS** | **CIVIL DOCKET NO. 6:19-CV-00682** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **EDDIE SOILEAU, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM ORDER

On May 29, 2019, Plaintiff Billy Thomas filed a civil rights complaint in this Court under 42 U.S.C. § 1983. As amended on July 24, 2020, the Complaint names the following as defendants: Scott Franklin, in his official capacity as Sheriff of LaSalle Parish, and Timmy Renz, Joe Hobbs, Chad Littleton, and Duke Ponds, individually and in their official capacity as deputy sheriffs (collectively, "Defendants"). [Docs. 1, 36].

Now before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") [Doc. 100] and MEMORANDUM IN SUPPORT [*Sealed* Doc. 104] filed by the Defendants. Plaintiff filed a response to the Motion [Doc. 105], Defendants filed a reply to response [Doc. 106], and Plaintiff filed a sur-reply [Doc. 107]. This matter is now ripe for review.

After careful consideration, and for the following reasons, the Court GRANTS Defendants' Motion, and all claims against these defendants are DISMISSED WITH PREJUDICE.

## BACKGROUND

I. Facts

According to his Complaint, on May 24, 2018, Plaintiff, Billy Thomas ("Thomas"), was booked into the Evangeline Parish Jail ("EPJ") by Evangeline Parish Sheriff deputies following his arrest for Aggravated Second Degree Battery on his wife. [Doc. 1, ¶ 9]; *see also* deposition of Billy Thomas [Doc. 104-1, p. 17]. Though he allegedly took medication daily for high blood pressure and cardiac concerns, he did not bring any medication with him to EPJ and complains that no one was allowed to bring that medication to him at EPJ while he was held there. [Doc. 104-1, pp. 11-13]. Thomas alleges that he requested his heart and high blood pressure medications and filed Inmate Request Forms to that effect on May 28, 2018, June 12, 2018, and June 22, 2018. [Doc. 1 at ¶¶ 10, 11, 12].

On June 22, 2018, after seeing the nurse at EPJ, he was transferred to the LaSalle Correctional Center ("LCC") in LaSalle Parish. *Id.* at ¶ 13. Thomas alleges that upon arrival at LCC he "alerted Deputy Monroe, Sergeant Rienzi, Deputy Ponds, Lieutenant Chad Littleton, Deputy Hayden, and Sergeant Joe Hobbs, of his medical situation, and his lack of medication for a month thus far." *Id.* at ¶ 14. He further alleges he told them that information from his cardiologist was available at EPJ, but that he was never provided with his medications. *Id.*

In his deposition testimony, Plaintiff could not recall who performed his medical intake at LCC. [Doc. 104-1, pp. 37-38]. In response to questions pertaining to the medical issues he disclosed during medical intake, he responded, "the situation I was going through with my health and my heart," clarifying "well, I mean, when

they shipped me from Evangeline Parish, I was dying. So, I mean, I was telling them the same thing. My heart–I was dealing with my heart. My blood pressure. And, I mean, I'm getting weak. My right eyes. I couldn't see vision. Losing vision. Right weakness. It was everything that happened I was telling–told them that. Yeah." *Id.* at pp. 39-40. Plaintiff further testified that he did not provide a list of medications to LCC during his medical intake, nor did he have his medications with him upon arrival. *Id.* Neither did he ever ask for his medications at LCC, testifying, "So, directly, I never asked 'I need my medicine now.' Directly told them that I was not given my – my medicine. I need to be seen about. I need to get to the hospital." *Id.* at p. 42. He likewise admitted he never filled out a medical request form at LCC. *Id.*

Records show that on June 25, 2018 (the Monday following Thomas' Friday arrival), records from Thomas' cardiologist were acquired by LCC. *See* Medical Release dated 6/24/18. [Doc. 104-4, p. 35]. Two days later, and less than a week after Thomas' arrival at LCC, he was seen by a nurse and sent to a local hospital for further treatment. *See* Medical Records,[1] *in globo*. [Doc. 104-4].

After receiving treatment at that hospital, Thomas was transported back to LCC on or about July 1, 2018. He was transferred back to EPJ on or about July 11, 2018.

---

[1] In his opposition to Defendants' Motion, Plaintiff appears to argue that the medical records produced by the Defendants are not accurate and show a "coverup" of the violation of his rights. [Doc. 105, p. 2]. However, he produces no evidence that the records are inaccurate.

## LAW AND ANALYSIS

### I. Legal Standards

#### A. Summary Judge Standard

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.* Ordinarily, summary judgment may not be granted merely because no opposition has been filed. *See Luera v. Kleberg Cnty., Tex.*, 460 Fed. App'x 447, 449 (5th Cir. 2012) (per curiam).

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp.*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-

moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). Furthermore, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). However, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

**B.      42 U.S.C. § 1983**

Thomas brings claims for inadequate medical care and abuse of process under 42 U.S.C. § 1983. Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold defendants liable under 42 U.S.C. § 1983, a plaintiff must allege facts to show: (i) that a constitutional right has been violated and (ii) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, if the claim does not rise to the level of a constitutional violation, it is not cognizable under § 1983.

This includes a requirement that, "the plaintiff must establish a direct causal connection between the matter occurring under color of state law and the alleged constitutional violation." *Givs v. City of Eunice*, 512 F. Supp. 2d 522, 542 (W. D. La. 5/21/07). "[T]he specific parameters of liability for civil rights violations are matters of federal common law, 'as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil … cause is held.'" *Perry*

*v. City of Bossier City*, 2019 WL 1782482, *3 (W.D. La. 4/23/19).  Specifically, regarding causation in medical cases, the court in *Perry*, found that, "to survive summary judgment when alleging causation of an injury or condition outside of common knowledge, a § 1983 plaintiff in Louisiana must produce competent medical evidence that, when combined with other direct and circumstantial evidence, allows a jury to rationally infer that the defendant's conduct caused the injury or condition." *Id.* at *4.

### C. Inadequate Medical Care

"[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm during their confinement ...." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). "In this circuit, post *Hare*, "[c]onstitutional challenges by pretrial detainees may be brought under two alternative theories: (i) as an attack on a 'condition of confinement' or (ii) as an 'episodic act or omission.'" *Estate of Henson v. Wichita Cnty., Tex.*, 795 F.3d at 456, 462 (5th Cir. 2015). "A challenge to a condition of confinement is a challenge to 'general conditions, practices, rules, or restrictions of pretrial confinement.'" *Estate of Henson,* 795 F.3d at 463 (quoting *Hare*, 74 F.3d at 644). "An episodic-acts-or-omissions claim, by contrast, 'faults specific jail officials for their acts or omissions.'" *Estate of Henson*, 795 F.3d at 463 (quoting *Hare*, 74 F.3d at 452). Since there are no allegations in the Complaint attacking the way in which healthcare was provided at LCC, nor are there any allegations that the inadequate treatment was a result of a pattern of acts or omissions sufficiently extended or pervasive, this

claim is an "episodic-acts-omissions" claim. *Estate of Henson*, 795 F.3d at 463. To prevail on the episodic-acts-omissions claim, Thomas must produce evidence of deliberate indifference by Defendants in their individual capacities. *Estate of Henson*, 795 F.3d at 463-64. Thomas must therefore show that the Defendants either refused to provide treatment to him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other conduct evincing a wanton disregard for a serious medical need. *Fortune v. McGee*, 606 F. App'x 741, 743 (5th Cir. 2015) (per curiam). Any supervisors are liable "only if there was 'personal involvement in the constitutional deprivation, or ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Fortune*, 606 F. Appx. at 743 (internal citations omitted).

Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 347 (5th Cir. 2006). Further, an inmate's mere disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a constitutional claim for indifference to medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), and *Gobert*, 239 F.3d at 347. Rather, a showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or otherwise engaged in conduct demonstrating a wanton disregard for serious medical needs. *Domino*, 239 F.3d at 756, *Gobert,* 463 F.3d at 347.

### 1. Individual Capacity

Thomas has failed to articulate, either in his Complaint or at his deposition, any specific facts or claims relevant to the individuals named as Defendants. Thomas testified that he did not recall speaking to Defendant Renz, nor was he sure he'd ever met him. [Doc. 104-1, p. 16]. He believed he had spoken to Defendant Hobbs, knowing Hobbs was not medical personnel, but could not recall the substance of the conversation. *Id.* at p. 55. Further, he did not recall specifically speaking to Defendants Ponds, Littleton, or Sheriff Franklin. *Id.* at p. 57. Thomas rather merely states his belief that the Defendants should have been able to determine from seeing him that he should be sent to the hospital. *Id.* at p. 56. However, without specific allegations that Renz, Littleton, Ponds, or the Sheriff were aware of his need for care and either refused to provide treatment to him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other conduct evincing a wanton disregard for a serious medical need, he simply cannot prove a violation by any of the named Defendants of his right to adequate medical care. Accordingly, the Defendants are entitled to summary judgment as to these claims.

Because Plaintiff is unable to prove deliberate indifference on the part of any of the Defendants in their individual capacities, the Court need not address the merits of his allegations of inadequate medical care. However, the Court notes that the medical records and testimony of the Plaintiff evidence that he received constitutionally adequate medical care while at LCC. He went through medical intake in a reasonable time, efforts were made to acquire his medication (which hospital records report him receiving), and he was examined by medical staff and sent

to the hospital when medical personnel deemed it necessary. That Plaintiff subjectively believes he should have been sent to the hospital sooner is of limited value, as disagreements over the course of treatment do not rise to the level of deliberate indifference. Additionally, to the extent that Thomas may suggest his claim seeks redress for a mere delay in treatment, he has provided no medical records or expert medical opinion that show any harm resulting from the alleged delay. Neither has Thomas even specifically alleged any injury suffered from the alleged delay in treatment.

### 2. Official Capacity

Next, Plaintiff's claims against Defendants Timmy Renz, Joe Hobbs, Chad Littleton and Duke Ponds in their official capacities fail as a matter of law. Individual sheriff's deputies are not policymakers. *See Elphage v. Gautreaux*, 969 F. Supp. 2d 493 (M.D. La. 9/3/13).

In order to hold Sheriff Franklin liable in his official capacity it must be shown that an official policy, practice, or custom caused the incident. Such a showing requires proof that: (i) the policy, practice, or custom was inadequate, (ii) that Sheriff Franklin, as a final policy maker, was deliberately indifferent in adopting the policy, practice, or custom, and (iii) the inadequate policy, practice, or custom directly caused injury. *City of Canton v. Harris*, 489 U.S. 378, 385-89 (1989). Also, Sheriff Franklin, in his official capacity, can only be liable under § 1983 when his policies, practices, or customs are the moving force behind the constitutional violation. *Monell v. Department of Social Services, City of New York,* 436 U.S. 658 (1978). Official

capacity liability inures only when the execution of the policy, practice, or custom caused the injury. *Monell*, supra.

Here, Thomas' failure to articulate a constitutionally inadequate policy is fatal to his official capacity claim for failure to provide adequate medical care. To prove such a claim, Thomas would need to point to an allegedly constitutionally defective policy enacted by the Sheriff and show that the policy at issue was adopted with deliberate indifference and has caused him harm. Plaintiff has failed to do so. As such, Sherriff Franklin is entitled to judgment as a matter of law on the official capacity claims.

### D.  Abuse of Process

#### 1.  Individual Capacity

Thomas also brings an abuse of process claim describing that claim, stating that he "followed the correct course of action to alert Defendants of his medical conditions, filed the proper paperwork, and generally followed all policies and procedures established by the Evangeline and LaSalle Parish Sheriffs. Complainant's requests were ignored, and in some cases, never even delivered to the proper authorities, to be found a month later on a desk." [Doc. 1, ¶ 34]. He couches this claim in the Fourteenth Amendment's protection of, "an individual's rights from being deprived of life and liberty." [Doc. 1, ¶ 34].

Defendants are entitled to summary judgment on this issue, as "[f]ail[ure] to follow prison procedures and regulations is insufficient, without more, to establish a constitutional violation cognizable under § 1983." *Muscolino v. Landrum,* 310 Fed. App'x. 676, 678 (5th Cir. 2009) (citing *Edwards v. Johnson*, 209 F. 3d 772, 779 (5th

Cir. 2000)).  Rather, a plaintiff must also plead deliberate indifference.  *Edwards,* 209 F. 3d at 779.

Here, Plaintiff has not pleaded how any individual Defendant was deliberately indifferent to his rights by failing to follow any procedure at LCC.  Rather, the records attached to the Defendants' Motion for Summary Judgment and Thomas' deposition testimony show that Thomas filed a single grievance at LCC, which was responded to on or about July 8, 2018.  *See* [Doc. 104-4, p. 119]; *see also* [Doc. 104-1, p. 14].  Thomas was subsequently transferred to EPJ three days later, on July 11, 2018.  He admitted in deposition testimony that he did not submit any medical requests at LCC. *Id.*

As Thomas has not pleaded and will be unable to point to any specific actions of the individual Defendants which could form the basis for a showing of deliberate indifference, he cannot succeed on an abuse of process claim against them.  Summary judgment is therefore appropriate as to these claims.

### 2.   **Official Capacity**

As stated above, Plaintiff's claims against Defendants Timmy Renz, Joe Hobbs, Chad Littleton and Duke Ponds, in their official capacities fail, as individual deputies are not policymakers.  *See Elphage v. Gautreaux*, 969 F. Supp. 2d 493 (M.D. La. 9/3/13).

To the extent that Thomas' abuse of process claim can be read to encompass a claim against Sheriff Franklin in his official capacity, as noted above, Thomas would have to show that a violation of his rights arose from, "a municipal policy or custom adopted or maintained with objective deliberate indifference to the [plaintiff]'s

constitutional rights." Thomas cannot show the underlying violation of a right, nor can he show (or even alleged the existence of) a policy that the Sheriff adopted with objective deliberate indifference. Nor can he prove that any such policy caused him harm. Accordingly, any abuse of process claim against Sheriff Franklin in his official capacity should likewise be dismissed.

### E. State Law Claims

Plaintiff also brings claims pursuant to Louisiana state law for what appears to be state law negligence, strict liability, and vicarious liability. For the same reasons detailed above – specifically, Plaintiff's lack of evidence of wrongdoing by the individual Defendants and any resulting injury he suffered – these claims too should be dismissed.

### CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that the instant MOTION FOR SUMMARY JUDGMENT [Doc. 100] is GRANTED, and that all claims against Defendants, Scott Franklin, Timmy Renz, Joe Hobbs, Chad Littleton and Duke Ponds are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 18th day of April 2023.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE